WORKMAN LAW FIRM, PC
Robin G. Workman (Bar #145810)
robin@workmanlawpc.com
Rachel E. Davey (Bar # 216096)
rachel@workmanlawpc.com
177 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiffs, Anthony Marc Mostajo and Elaine Quedens*
*On behalf of themselves and all other similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARC MOSTAJO, and ELAINE QUEDENS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, and Does 1 through 50, inclusive,<br><br>Defendants. | No. 2:17-CV-00350-JAM-AC<br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Sacramento County Superior Court Case No. 34-2017-00206005-CU-OE-GDS |

Plaintiffs Anthony Marc Mostajo and Elaine Quedens (collectively referred to as "Plaintiffs"), by their attorneys, brings this action on behalf of themselves and all other similarly situated and the general public, and on information and belief, except those allegations that pertain to the named Plaintiffs and their attorneys (which are alleged on personal knowledge), hereby alleges as follows:

1. This action alleges Defendant Nationwide Mutual Insurance Company (hereinafter "Nationwide" or "Defendant"): (1) failed to pay Plaintiffs, and those similarly

situated, overtime pay in violation of California Labor Code section 1194 and applicable Industrial Welfare Commission Orders; (2) failed to pay Plaintiffs and those similarly situated, wages for all time worked, including accrued vacation time; (3) breached their promise to pay Plaintiffs, and those similarly situated, for all hours worked, and, (4) failed to provide accurate wage statements to Plaintiffs, and those similarly situated, as required by California Labor Code section 226, in that the wage statements did not include all hours worked or wages earned.

2.      This action seeks relief for unremedied violations of California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the proposed Class, and to victims of the practices at issue, who have not been paid for regular and overtime hours worked, who have not timely received all wages due on termination, and who have failed to receive accurate wage statements.

3.      Plaintiffs are adequate and proper class representatives. Plaintiffs brings this action in their individual capacity, on behalf of all others similarly situated, and pursuant to California Business & Professions Code section 17204, on behalf of the general public. Plaintiffs are former employees of Defendant. Throughout their employment with Defendant, Defendant employed Plaintiffs as claims adjusters in California. Defendant also referred to the claims adjusters as claim representatives.

4.      Prior to 2004, Defendant classified claims adjusters in California as exempt employees. As a result of this classification, Defendant did not pay the claims adjusters overtime compensation. In 2002, two former claims adjusters, Steve Zuchman and Robin Hines, filed a civil action against Defendant. In this civil action, Mr. Zuchman and Ms. Hines asserted that Defendant misclassified claims adjusters as exempt employees. Mr. Zuchman and Ms. Hines alleged that, due to the actual duties of the claims adjusters, that claims adjusters were non-exempt associates whom Defendant should pay overtime compensation when claims adjusters worked overtime.

5.      As a result of the Zuchman/Hines civil action, Defendant conducted an analysis of the claims adjuster position. Following this analysis, Defendant agreed to enter into a settlement with Mr. Zuchman and Ms. Hines, on behalf of all California claims adjusters, with respect to

their misclassification claims. In addition to settling the Zuchman/Hines lawsuit, Defendant reclassified all of the claims adjusters working in California. From that time forward, August 30, 2004, to and including the present, Defendant has classified all claims adjusters in California as non-exempt employees.

6. In connection with the re-classification of claims adjusters from exempt to non-exempt employees, Defendant had meetings with both managers and claims adjusters explaining the change in classification. In these communications, Defendant told both managers and claims adjusters that as a result of the reclassification of claims adjusters as non-exempt employees, claims adjusters would be eligible for overtime compensation when they worked more than 8 hours in one day or 40 hours in one week. In connection with this change in classification, Defendant began requiring claims adjusters to take meal and rest breaks, and instructed managers to monitor claims adjusters to assure that these breaks were taken, just like any other non-exempt employee. In both written and oral communications, Defendant informed claims adjusters that on a going forward basis, when claims adjusters worked overtime, they would receive overtime pay. This specific promise to claims adjusters is consistent with the promise found in Defendant's employment manuals, that all non-exempt employees will be paid for all hours worked. From the date of the reclassification of claims adjusters as non-exempt employees in August of 2004, up to and including the present, claims adjusters' wage statements have reflected the fact that Defendant reclassified claims adjusters as non-exempt employees and promised to pay claims adjusters overtime compensation for hours worked in excess of 8 hours in one day and 40 hours in one week, as the wage statements memorialize this promise and routinely reflect that Defendant paid claims adjusters overtime compensation when claims adjusters worked overtime. In reliance on Defendant's promises, Plaintiffs and members of the proposed class of claims adjusters worked hours in excess of 8 hours in one day and 40 hours in one week, thereby entitling them to overtime compensation.

7. While employed as claims adjusters within the four years of the filing of the original complaint, Plaintiffs worked regular and overtime hours on a routine basis. Even though Defendant classified claims adjusters as non-exempt employees thereby entitling claims

adjusters to receive compensation for all hours worked and overtime compensation for all time worked in excess of 8 hours in one day and 40 hours in one week, and in breach of the promises made to claims adjusters, Defendant did not pay claims adjusters for all hours and/or overtime worked. Although the number of claims assigned to the claims adjusters continually increased, thereby making it impossible for claims adjusters to complete all of the tasks required without working more than 8 hours in one day or 40 hours in one week, Defendant employed a policy and practice of not allowing claims adjusters to report and/or receive compensation for all of the hours and overtime worked. This policy and practice resulted in the claims adjusters working off the clock without receiving compensation. Defendant was at all times aware of the fact that the claims adjusters were working hours for which they were receiving no compensation or improper compensation because, among other things, Defendant's electronic records reflect the hours when claims adjusters entered and exited the office, logged in and off of the computer, and sent emails. In addition, Defendant had in place a policy whereby it failed to pay for all accrued vacation time, precluding claims adjusters from carrying over all accrued vacation time from year to year. Defendant also failed to pay all accrued vacation time at termination. Because of Defendant's actions, it (1) failed to pay wages for all time worked, including all accrued vacation time; (2) failed to comply with its promise to pay for all time worked, (3) failed to pay overtime wages for overtime worked; and, (3) failed to provide accurate wage statements to employees as required by California Labor Code section 226, in that the wage statements did not include all hours worked or wages earned.

        8. During his employment, Plaintiff Mostajo complained about the additional work assignments that required claims adjusters to work overtime hours for which they received no compensation. Plaintiff Mostajo also complained that Defendant was targeting older claims adjusters, of which Plaintiff Mostajo was one, with criticism and negative reviews, which resulted in terminations, so that Defendant would not have to pay higher overtime. Because Plaintiff Mostajo was one of the older and more tenured claims adjusters, and as a result of his complaints, Plaintiff Mostajo was repeatedly subjected to harassing and hostile treatment by his manager, including unjust and unwarranted criticisms of his performance, which ultimately

culminated in Defendant's constructive termination of Plaintiff Mostajo in November of 2015. No action was taken to either investigate Plaintiff Mostajo's complaints or to stop the harassing and hostile behavior.

9. As a proximate result of Defendant's harassment and discrimination, Plaintiff Mostajo suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish all in an amount according to proof.

10. Plaintiff Mostajo filed a timely charge of discrimination, retaliation, and wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or about May 2, 2016, received a timely notice of the right to sue in California Superior Court pursuant to California Government Code section 12965(b), permitting Plaintiff Mostajo to bring this action. Therefore, Plaintiff Mostajo exhausted all of his administrative remedies.

11. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Mostajo, and in conscious disregard of said Plaintiff Mostajo's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff Mostajo is thus entitled to recover punitive damages from Defendant, in an amount according to proof.

12. Defendant, is, and at all relevant times was, doing business in the State of California and is an employer under applicable Industrial Welfare Commission Orders.

13. The names and capacities of defendants sued herein under California Code of Civil Procedure section 474 as Does 1 through 50, inclusive, are presently not known to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek to amend this Complaint and include these Doe Defendant's names and capacities when they are ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiffs.

14. At all times mentioned in the causes of action alleged herein, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendant. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other Defendant or their officers or managing agents.

15. This action seeks relief on behalf of a class comprised of persons in the employ of Defendant in California as claims adjusters, also referred to as claim representatives, from January of 2013 to the present ("the Class");

16. The Class is sufficiently numerous, consisting of more than 50 individuals but fewer than 100, geographically dispersed throughout California, such that the joinder of all Class Members in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

17. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may affect individual Class Members, including but not limited to the following:

    a. Whether Defendant implemented and engaged in a systematic practice whereby it unlawfully failed to pay all earned regular and overtime pay to employees;

    b. Whether Defendant implemented and engaged in a systematic practice whereby it unlawfully failed to pay all wages due to employees;

    c. Whether Defendant implemented and engaged in a systematic practice whereby it unlawfully breached its promise to pay claims adjusters for all hours worked;

    d. Whether Defendant implemented and engaged in a systematic practice whereby it unlawfully failed to pay all for all vacation time accrued;

e. Whether Defendant implemented and engaged in a systematic practice whereby it failed to provide accurate wage statements to employees;

f. Whether the systematic acts and practices of Defendant as alleged herein violated, inter alia, applicable provisions of the California Labor Code, including but not limited to sections 201, 204, 226, 227.3, 510, 558, 1174, 1194, 2698, applicable Industrial Welfare Commission Orders, and California Business & Professions Code section 17200, et seq.

18. Because Plaintiffs worked regular and overtime hours on a regular basis for which they were not compensated, accrued vacation time for which they were not paid, and failed to receive timely and accurate wage statements, Plaintiffs assert claims that are typical of the claims of the Class.

19. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflict of interest that would be antagonistic to those of the other members of the Class. Plaintiffs retained counsel who is competent and experienced in the prosecution of class action wage and hour violations.

20. Plaintiffs and the members of the Class have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct, including but not limited to Defendant's systematic failure to pay regular and overtime wages, systematic failure to pay all wages due, and systematic failure to provide accurate wage statements makes class treatment especially appropriate. Absent this action, Defendant's unlawful conduct will continue unremedied and uncorrected.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Wages Pursuant to California Labor Code § 1194 on Behalf of Plaintiffs and the Class)**

21. Plaintiffs and the members of the Class incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

22. During all relevant periods, Defendant required Plaintiffs and the members of the Class to work in excess of 8 hours per day and 40 hours per week. Defendant, however, did not pay Plaintiffs and the members of the class for all regular and overtime hours worked.

23. During all relevant periods, both the California Labor Code and the pertinent Wage Orders required that all work performed by an employee in excess of 8 hours per day and 40 hours per week to be compensated at one and one-half times the employee's regular rate of pay.

24. Plaintiffs and the members of the Class are therefore entitled to the relief requested below.

## SECOND CAUSE OF ACTION

**(Violation Of California Labor Code Section 226 on Behalf of Plaintiffs and the Class)**

25. Plaintiffs and the members of the Class incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

26. During all relevant periods, Defendant failed to pay Plaintiffs and the members of the proposed class for all hours worked and overtime owed. This failure violated California Labor Code sections 510 and 1194.

27. As a result of Defendant's failure to pay for all hours worked and overtime owed, Defendant failed to provide Plaintiffs and the members of the proposed class with accurate wage statements as required by California Labor Code section 226.

28. Plaintiffs and the members of the proposed Class are therefore entitled to the relief requested below.

## THIRD CAUSE OF ACTION

**(Breach of Contract)**

29. Plaintiffs and the members of the proposed Class incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

30. Prior to 2004, Defendant classified claims adjusters as exempt employees. As a result of the Zuchman/Hines' lawsuit, Defendant conducted an evaluation of the claims adjuster position. Following that evaluation, from August of 2004, up to and including the present, Defendant reclassified claims adjusters as non-exempt employees. In meetings conducted in connection with the change of classification, Defendant told both managers and claims adjusters that as a result of the classification, claims adjusters were non-exempt employees and entitled to

overtime compensation if claim adjusters worked more than 8 hours in one day or 40 hours in one week. Defendant made these promises orally and in writing. Claims adjusters' wage statements memorialize Defendant's promise to pay claims adjusters for all hours worked, as the wage statements routinely reflect that Defendant paid claims adjusters overtime compensation when claims adjusters worked more than 8 hours in one day and 40 hours in one week. In reliance on Defendant's promise, Plaintiffs and members of the proposed class worked in excess of 8 hours in one day and 40 hours in one week.

31.     Despite Defendant's promise to do so, Defendant failed to pay Plaintiffs and the members of the proposed class for all hours worked and overtime owed. So doing, Defendant breached its promise, and Plaintiffs and the members of the proposed class have suffered damages in that they have not been paid for all hours worked.

32.     Plaintiffs and the members of the proposed Class are therefore entitled to the relief requested below.

### FOURTH CAUSE OF ACTION

### (Breach of Implied Contract)

33.     Plaintiffs and the members of the proposed Class incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

34.     Prior to 2004, Defendant classified claims adjusters as exempt employees. As a result of the Zuchman/Hines' lawsuit, Defendant conducted an evaluation of the claims adjuster position. Following that evaluation, from August of 2004, up to and including the present, Defendant reclassified claims adjusters as non-exempt employees. In meetings conducted in connection with the change of classification, Defendant told both managers and claims adjusters that as a result of the classification, claims adjusters were non-exempt employees and entitled to overtime compensation if claim adjusters worked more than 8 hours in one day or 40 hours in one week. Defendant made these promises orally and in writing. Claims adjusters' wage statements memorialize Defendant's promise to pay claims adjusters for all hours worked, as the wage statements routinely reflect that Defendant paid claims adjusters overtime compensation when claims adjusters worked more than 8 hours in one day and 40 hours in one week. In

reliance on Defendant's implied promise, Plaintiffs and members of the proposed class worked in excess of 8 hours in one day and 40 hours in one week.

35. Despite Defendant's implied promise to do so, Defendant failed to pay Plaintiffs and the members of the proposed class for all hours worked and overtime owed. So doing, Defendant breached its implied promise, and Plaintiffs and the members of the proposed class have suffered damages in that they have not been paid for all hours worked.

36. Plaintiffs and the members of the proposed Class are therefore entitled to the relief requested below.

## FIFTH CAUSE OF ACTION

### (Promissory Estoppel)

37. Plaintiffs and the members of the proposed Class incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

38. Prior to 2004, Defendant classified claims adjusters as exempt employees. As a result of the Zuchman/Hines' lawsuit, Defendant conducted an evaluation of the claims adjuster position. Following that evaluation, from August of 2004, up to and including the present, Defendant reclassified claims adjusters as non-exempt employees. In meetings conducted in connection with the change of classification, Defendant told both managers and claims adjusters that as a result of the classification, claims adjusters were non-exempt employees and entitled to overtime compensation if claim adjusters worked more than 8 hours in one day or 40 hours in one week. Defendant made these promises orally and in writing. Claims adjusters' wage statements memorialize Defendant's promise to pay claims adjusters for all hours worked, as the wage statements routinely reflect that Defendant paid claims adjusters overtime compensation when claims adjusters worked more than 8 hours in one day and 40 hours in one week. In reliance on Defendant's promises, Plaintiffs and members of the proposed class worked in excess of 8 hours in one day and 40 hours in one week.

39. Despite Defendant's promises to do so, Defendant failed to pay Plaintiffs and the members of the proposed class for all hours worked and overtime owed. So doing, Defendant breached its promise, and Plaintiffs and the members of the proposed class have suffered

damages in that they have not been paid for all hours worked. Defendant's promises to the members of the proposed class estop Defendant from asserting that it is not required to pay proposed class members for all hours worked and overtime compensation due.

40. Plaintiffs and the members of the proposed Class are therefore entitled to the relief requested below.

### SIXTH CAUSE OF ACTION

**(Unlawful, Unfair And Fraudulent Business Practices Pursuant To Business & Professions Code Section 17200, et seq. on behalf of Plaintiffs and the Class)**

41. Plaintiffs and the members of the Class incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

42. Business & Professions Code section 17200, et seq., prohibits acts of unfair competition, defined as an "unlawful, unfair, or fraudulent business act or practice."

43. The policies, acts and practices heretofore described were and are unlawful business acts or practices because Defendant's failure to timely pay earned regular and overtime wages, failure to timely pay all wages, including failure to pay for all accrued vacation time, and failure to provide accurate and timely wage statements, violate various provisions of California law including but not limited to Labor Code sections 201, 204, 226, 227.3, 510, 558, 1174, 1194, 2698, applicable Industrial Welfare Commission Wage Orders, and other provisions of California common and/or statutory law. Plaintiffs reserve the right to allege additional statutory and common law violations by Defendant. Such conduct is ongoing to this date.

44. Further, the policies, acts or practices described herein were and are an unfair business act or practice because any justifications for Defendant's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused to Plaintiffs, class members, and the members of the general public. Such conduct is ongoing to this date.

45. As a result of its unlawful and/or unfair and/or fraudulent acts, Defendant reaps and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and class members. Defendant should be made to disgorge ill-gotten gains and provide restitution to class

members and Plaintiffs for the wrongfully withheld wages pursuant to Business and Professions Code section 17203.

46. Accordingly, Plaintiffs and the Class respectfully request that the Court award judgment and relief in their favor, to provide restitution, and other types of equitable relief.

## SEVENTH CAUSE OF ACTION

**(Labor Code Private Attorneys General Act of 2004: Labor Code Sec. 2698)**

47. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. The policies, acts and practices heretofore described were and are unlawful because Defendant's failure to properly classify Plaintiffs and those similarly situated claims adjusters (also referred to as claims representatives), failure to pay overtime for hours worked in excess of 8 hours per day and 40 hours per week, failure to pay wages for all time worked, failure to pay overtime wages for overtime worked, failure to provide accurate wage statements to employees as required by California Labor Code section 226, in that the wage statements did not include all hours worked or wages earned, failure to pay all wages due when the claims adjusters' employment ended, either by voluntary or involuntary termination, and failure to pay claims adjusters for all accrued vacation time violates applicable Labor Code sections and gives rise to statutory and civil penalties as a result of such conduct, including but not limited to penalties as provided by Labor Code sections 201, 204, 226, 227.3, 510, 558, 1174, 1194, 2698, 2699(f), and 2699.5, California Business and Professions Code §§ 17200, et seq., and applicable Industrial Welfare Commission Wage Orders. Plaintiffs, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and other current and former employees of Defendant against whom one or more of the violations of the Labor Code was committed.

49. On December 9, 2016, Plaintiff Mostajo gave written notice to the California Labor and Workforce Development Agency by online submission through their website and by certified mail to Defendant Nationwide Mutual Insurance Company of Labor Code violations as prescribed

by California Labor Code section 2699.3. Plaintiff has not received written notification by the LWDA of an intention to investigate the allegations set forth in Plaintiff's December 9, 2016, letter or written notice of cure by February 13, 2017, as prescribed by California Labor Code section 2699.3.

50. On February 14, 2017, Plaintiffs Mostajo and Quedens gave written notice to the California Labor and Workforce Development Agency by online submission through their website and by certified mail to Defendant Nationwide Mutual Insurance Company of Labor Code violations as prescribed by California Labor Code section 2699.3. Plaintiffs have not received written notification by the LWDA of an intention to investigate the allegations set forth in Plaintiffs' February 14, 2017, letter or written notice of cure by April 20, 2017, as prescribed by California Labor Code section 2699.3.

## EIGHTH CAUSE OF ACTION

**(On Behalf of Plaintiff Antony Marc Mostajo Only --
Age Discrimination Cal. Gov. Code § 12940(a))**

51. Plaintiff Mostajo incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

52. At all times material hereto, Plaintiff Mostajo was an employee covered by California Government Code sections 12940, prohibiting discrimination in employment based on age.

53. Defendant was, at all times material hereto, an employer within the meaning of California Government Code section 12926(d), and as such, is barred from discriminating on the basis of age.

54. During his employment, Defendant targeted Plaintiff Mostajo, and the other older claims adjusters with more tenure, engaging in unjust criticisms and negative performance evaluations and reviews, resulting in Plaintiff Mostajo's termination, and the terminations of other older claims adjusters. These actions were taken so that Defendant could avoid paying the higher overtime rates owed to Plaintiff Mostajo and the older and more tenured claims adjusters. Plaintiff Mostajo complained about this behavior to his supervisors. Instead of addressing

Plaintiff Mostajo's complaints, Plaintiff Mostajo was repeatedly subjected to harassing and hostile treatment by his manager, including unjust and unwarranted criticisms of his performance, which ultimately culminated in Defendant's constructive termination of Plaintiff Mostajo in November of 2015.

55. Defendant discriminated against Plaintiff Mostajo on the basis of his age in violation of California Government Code sections 12940 by engaging in a course of conduct intentionally designed to discriminate against Plaintiff Mostajo on the basis of his age. This conduct culminated in Defendant's unlawful, discriminatory constructive termination of Plaintiff Mostajo in November of 2015.

56. As a proximate result of Defendant's discrimination, Plaintiff Mostajo suffered and continues to suffer substantial losses and in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish all in an amount according to proof.

57. Plaintiff Mostajo filed a timely charge of discrimination and wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or about May 2, 2016, received a timely notice of the right to sue in California Superior Court pursuant to California Government Code section 12965(b), permitting Plaintiff Mostajo to bring this action. Therefore, Plaintiff Mostajo exhausted all of his administrative remedies.

58. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Mostajo, and in conscious disregard of said Plaintiff Mostajo's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff Mostajo is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff Mostajo is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965(b).

///

## NINTH CAUSE OF ACTION

**(On Behalf of Plaintiff Anthony Marc Mostajo Only --
Retaliation In Violation of Cal. Gov. Code § 12940 (h))**

59. Plaintiff Mostajo incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

60. During his employment, Defendant targeted Plaintiff Mostajo, and the other older claims adjusters with more tenure, engaging in unjust criticisms and negative performance evaluations and reviews, resulting in Plaintiff Mostajo's termination, and the terminations of other older claims adjusters. These actions were taken so that Defendant could avoid paying the higher overtime rates owed to Plaintiff Mostajo and the older and more tenured claims adjusters. Plaintiff Mostajo complained about this behavior to his supervisors. Instead of addressing Plaintiff Mostajo's complaints, Plaintiff Mostajo was repeatedly subjected to harassing and hostile treatment by his manager, including unjust and unwarranted criticisms of his performance, which ultimately culminated in Defendant's constructive termination of Plaintiff Mostajo in November of 2015.

61. Defendant retaliated against Plaintiff Mostajo due to his opposition to the Defendant's practices that discriminated against Plaintiff Mostajo, and other claims adjusters, on the basis of their age in violation of California Government Code section 12940 (h) by engaging in a course of conduct intentionally designed to discriminate against Plaintiff Mostajo due to his opposition to Defendant's discriminatory actions. This conduct culminated in Defendant's unlawful, discriminatory constructive termination of Plaintiff Mostajo in November of 2015.

62. Plaintiff Mostajo filed a timely charge of discrimination, retaliation, and wrongful termination with the DFEH and, on or about May 2, 2016, received a timely a notice of the right to sue in California Superior Court pursuant to California Government Code section 12965(b) permitting Plaintiff Mostajo to bring this action. Therefore, Plaintiff Mostajo exhausted all of his administrative remedies.

63. The foregoing conduct caused Plaintiff Mostajo to suffer severe emotional distress. Plaintiff Mostajo has suffered and continues to suffer pain, loss of sleep, discomfort,

anxiety, anger, frustration and other emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

64. As a proximate result of Defendant's discrimination against Plaintiff Mostajo, Plaintiff Mostajo has suffered and continues to suffer losses in earnings and other employment benefits and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish all to her damage in an amount according to proof.

65. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Mostajo, and in conscious disregard of said Plaintiff Mostajo's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff Mostajo is thus entitled to recover punitive damages from Defendant, according to proof. As a result of Defendant's retaliatory acts as alleged herein, Plaintiff Mostajo is entitled to an award of reasonable attorney's fees and costs of suit as provided by California Government Code section 12965(b).

### TENTH CAUSE OF ACTION

**(On Behalf of Plaintiff Anthony Marc Mostajo Only --
Failure To Take Reasonable Steps To
Prevent Discrimination and Retaliation: Cal. Gov. Code §§ 12940(h) and (k))**

66. Plaintiff Mostajo incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

67. During his employment, Plaintiff Mostajo alerted Defendant to discriminatory practices taken toward Plaintiff Mostajo and other older claims adjusters due to their age. Defendant failed to address these complaints.

68. At all relevant times herein, Defendant failed to take all reasonable steps necessary to prevent discrimination from occurring, in violation of California Government Code section 12940(k).

69. Plaintiff Mostajo filed a timely charge of discrimination with the Department of Fair Employment and Housing ("DFEH") and, on or about May 2, 2016, and received a timely notice of the right to sue in California Superior Court pursuant to California Government Code

section 12965(b), permitting Plaintiff Mostajo to bring this action. Therefore, Plaintiff Mostajo exhausted all of his administrative remedies.

70. As a proximate result of Defendant's failure to take reasonable steps to prevent retaliation and discrimination, Plaintiff Mostajo has suffered and continues to suffer losses in earnings and other employment benefits in an amount according to proof.

71. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Mostajo, and in conscious disregard of said Plaintiff Mostajo's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of their employees. Plaintiff Mostajo is thus entitled to recover punitive damages from Defendant, according to proof. As a result of Defendant's failure to take any action to prevent the discrimination and harassment as alleged herein, Plaintiff Mostajo is entitled to an award of reasonable attorney's fees and costs of suit as provided by California Government Code section 12965(b).

### ELEVENTH CAUSE OF ACTION

**(On Behalf of Plaintiff Marc Mostajo Only –
Wrongful Termination In Violation Of Public Policy -
Article I, section 8, of the California Constitution)**

72. Plaintiff Mostajo incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

73. During his employment, Defendant required Plaintiff Mostajo, and the other claims adjusters to work hours for which they received no compensation. Defendant also targeted Plaintiff Mostajo, and the other older claims adjusters with more tenure, engaging in unjust criticisms and negative performance evaluations and reviews, resulting in Plaintiff Mostajo's termination, and the terminations of other older claims adjusters. These actions were taken so that Defendant could avoid paying the higher overtime rates owed to Plaintiff Mostajo and the older and more tenured claims adjusters. Plaintiff Mostajo complained about this behavior to his supervisors. Instead of addressing Plaintiff Mostajo's complaints, Plaintiff Mostajo was repeatedly subjected to harassing and hostile treatment by his manager, including

unjust and unwarranted criticisms of his performance, which ultimately culminated in Defendant's constructive termination of Plaintiff Mostajo in November of 2015. Said discharge was unlawful and in violation of public policy, article I, section 8, of the California Constitution, and California Government Code sections 12940 because said discharge was on the basis of Plaintiff Mostajo's age and Plaintiff Mostajo's opposition to Defendant's discriminatory, harassing, and illegal policies.

74. The foregoing conduct caused Plaintiff Mostajo to suffer severe emotional distress. Plaintiff Mostajo has suffered and continues to suffer pain, loss of sleep, discomfort, anxiety, anger, frustration and other emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

75. As a proximate result of wrongful termination of Plaintiff Mostajo, Plaintiff Mostajo has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish all to her damage in an amount according to proof.

76. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Mostajo, and in conscious disregard of said Plaintiff Mostajo's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff Mostajo is thus entitled to recover punitive damages from Defendant, according to proof.

## TWELFTH CAUSE OF ACTION

**(On Behalf of Plaintiff Marc Mostajo Only --
Retaliation In Violation Of Public Policy—Tameny v. Atlantic Richfield Co.,
27 Cal. 3d 167 (1980))**

77. Plaintiff Mostajo incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

78. Plaintiff Mostajo complained to Defendant about its failure to pay overtime for all hours worked and regarding Defendant's harassment and discrimination directed toward older

claims adjusters. In response to Plaintiff Mostajo's complaints, Defendant engaged in further retaliation and discrimination against Plaintiff Mostajo, including unwarranted criticisms, negative performance evaluations, and actions intended to force Plaintiff Mostajo to quit his job. These actions caused Plaintiff Mostajo's constructive termination. Said retaliation was unlawful and in violation of California public policy, as articulated by the California Supreme Court in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980).

79. The foregoing conduct caused Plaintiff Mostajo to suffer severe emotional distress. Plaintiff Mostajo has suffered and continues to suffer pain, loss of sleep, discomfort, anxiety, anger, frustration and other emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

80. As a proximate result of Defendant's retaliation against Plaintiff Mostajo, Plaintiff Mostajo has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish all to his damage in an amount according to proof.

81. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Mostajo, and in conscious disregard of said Plaintiff Mostajo's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff Mostajo is thus entitled to recover punitive damages from Defendant, according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For an award of general damages and/or restitution in an amount according to proof, plus interest thereon at the legal rate;

2. For an award of punitive damages in an amount according to proof;

3. For special damages, including lost wages, in an amount according to proof, plus interest thereon at the legal rate;

4. For costs of suit incurred herein;

5. For an award of attorneys' fees, and;

6. For such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Date: February 15, 2018

WORKMAN LAW FIRM, PC

By: _____
Robin G. Workman
*Attorneys for Plaintiffs Anthony Marc Mostajo and Elaine Quedens, and all others similarly situated*