UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARC MOSTAJO, and ELAINE QUEDENS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, and Does 1 through 50, inclusive,<br><br>Defendants. | No. 2:17-cv-00350-JAM-AC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Anthony Marc Mostajo and Elaine Quedens ("Plaintiffs") bring class claims against Nationwide Mutual Insurance Company ("Defendant" or "Nationwide"), their former employer, for Nationwide's alleged failure to pay overtime and unused but accrued vacation time to claims adjusters in California. Second Am. Compl., ECF No. 23.

The parties filed cross-motions for summary judgment on a single issue: whether Nationwide's "Your Time Program," through which Nationwide provides a paid a time-off benefit to its employees, is regulated by ERISA. Mostajo Mot., ECF No. 29-1; Nationwide Opp'n and Cross-Mot., ECF No. 39. Plaintiffs argue the Your Time Program is an ERISA-exempt "payroll practice";

Nationwide asserts the contrary. Id.

For the reasons set forth below, the Court GRANTS Plaintiffs' motion and DENIES Defendant's cross-motion.[1]

## I. PROCEDURAL BACKGROUND

Defendant Nationwide is based in Columbus, Ohio and provides insurance and financial services throughout the United States. Plaintiffs Anthony Marc Mostajo ("Mostajo") and Elaine Quedens ("Quedens") worked for Nationwide as claims adjusters in California from 1998 to December 2015 and January 2016, respectively. Mostajo Decl., ECF No. 29-6, at 1; Quedens Decl., ECF No. 29-7, at 1.

On January 9, 2017, Mostajo filed a Complaint against Nationwide in the Superior Court of the State of California, County of Sacramento (Case No. 34-2017-00206005-CU-OE-GDS), alleging, among other individual claims, class claims for Nationwide's failure to pay overtime in violation of the California Labor Code and California Business and Professions Code. Compl., EFC No. 1-9. The putative class consists of all claims adjusters employed by Nationwide in California since January 2013. Compl. ¶ 11. A month later, Mostajo, joined by Quedens, amended the complaint to include a class claim for

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 2, 2018. Additionally, both Plaintiffs (ECF No. 45-1) and Nationwide (ECF Nos. 39-7, 46-1) submitted objections to evidence in support of the cross-motions. The Court has reviewed these evidentiary objections, but declines to individually rule on them as it is unnecessary to the determination of this motion. See Judge William Shubb's excellent discussion of evidentiary objections in Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1118-1122 (E.D. Cal. 2006).

2

failure to pay, upon termination, accrued but unused vacation time. Am. Compl., ECF No. 1-11. Shortly thereafter, Nationwide removed the case to federal court. Notice of Removal, ECF No. 1.

On February 15, 2018, Plaintiffs filed their Second Amended Class Action Complaint against Nationwide which includes, in relevant part, an allegation that that Nationwide "had in place a policy whereby it failed to pay for all accrued vacation time, precluding claims adjusters from carrying over all accrued vacation time from year to year" and "failed to pay all accrued vacation time at termination." Second Am. Compl. ¶ 7. Based on this policy, Plaintiffs allege that Nationwide violated California Labor Code Section 227.3, which requires employers to pay employees for all accrued vacation time. Id. ¶¶ 41-50.

Nationwide filed an answer with affirmative defenses on March 29, 2018. Ans., ECF No. 26. Nationwide's twenty-first affirmative defense argues that the Plaintiffs' California law-based causes of action related to the vacation time benefits are completely preempted by ERISA. Ans. at 16.

After a period of discovery, Plaintiffs filed a motion for summary judgment arguing that the Your Time Program is exempt from ERISA as a "payroll practice" and so Nationwide's twenty-first affirmative defense fails as a matter of law. See Mostajo Mot. Nationwide opposed and brought a cross-motion for summary judgment as to ERISA's applicability. See Nationwide Opp'n and Cross-Mot.

## II. FACTS

The Nationwide Insurance Companies and Affiliates Plan for Your Time and Disability Income Benefits ("the Plan"), provides

3

three benefits programs: (1) the Your Time Program; (2) the Short-Term Disability Income Benefit Program; and (3) the Long-Term Disability Income Benefit Program. Mostajo Responding Statement of Facts, ECF No. 45-4, ¶ 1. The Plan first became effective for California employees on October 24, 2005. Nationwide Responding Statement of Facts, ECF No. 39-5, ¶ 3; Plan Governing Document, ECF No. 44, Ex. B. The Your Time Program provides a paid time-off benefit, including for vacation and sick days. Mostajo Responding Statement of Facts ¶ 3; Mostajo Decl. at 1. The Plan Administrator is the Nationwide Benefits Administrative Committee, which is composed exclusively of Nationwide officers. Nationwide Responding Statement of Facts ¶ 14.

An Amended and Restated Directed Trust Agreement ("Trust Agreement") was entered into between the Plan and Nationwide Trust Company, FSB in May 2014 and made effective as of January 1, 2014. Nationwide Responding Statement of Facts ¶ 7; Trust Agreement, ECF No. 44, Ex. E. The Agreement appoints Nationwide Trust Company ("Trustee") as trustee of the Nationwide Insurance Companies & Affiliates Employee Health Care Trust ("Trust") and establishes the Trust as a voluntary employee beneficiary association account to be held and administered for the uses and purposes set forth in the Trust Agreement. Nationwide Responding Statement of Facts ¶¶ 7-8; Trust Agreement § 12.04. The Trust Agreement provides that the Trust "shall constitute the sole source of funds which may be used to pay benefits under the Plan, and the Participating Employers shall not be liable in any way or in any manner for any such benefits beyond those monies which

have been contributed to this trust." Mostajo Responding Statement of Facts ¶ 10; Trust Agreement § 9.13.

The Trustee has no power or responsibility to determine employees' entitlement to Your Time benefits. Nationwide Responding Statement of Facts ¶ 10; Trust Agreement § 5.3. The Trustee makes payments from the Trust to the claims administrator "from time to time at the Plan Administrator's direction" and only "in such amounts and for such purposes as may be specified in the Plan Administrator's direction." Nationwide Responding Statement of Facts ¶ 11; Trust Agreement § 3.4. The Trust has no power to require Nationwide to make any contributions to the Trust to fund Your Time benefits nor does the Trustee bear liability for inadequacy of any contributions Nationwide may make to the Trust or for their failure to fund the Trust fully. Nationwide Responding Statement of Facts ¶¶ 12-13; Trust Agreement § 3.4.

For each payroll period, Nationwide determines its contributions to the Trust to fund Your Time benefits. Nationwide Responding Statement of Facts ¶ 16. Nationwide's contributions to the Trust are not determined by an actuary. Id. ¶ 15. Instead, Nationwide's Human Resources Information System ("HRIS") automatically calculates the total accrued Your Time hours for each eligible employee based on the Plan's accrual schedule. Id. ¶ 16. Nationwide's benefits accounting group then calculates the dollar value of the total accrued hours for the payroll period based on employees' current salary rates. Id. Next, the benefits accounting group initiates an Automated Clearing House transfer of the dollar value of these total

5

1 | accrued hours, without regard to the actual paid time off used
2 | during the payroll period, from Nationwide's main funding account
3 | to the Trust. Mostajo Responding Statement of Facts ¶ 13.
4 | Nationwide's main funding account holds the general assets of the
5 | company. Nationwide Responding Statement of Facts ¶ 17.

At each two week payroll period, at the same time HRIS determines the total accrued Your Time hours, HRIS also determines the amount of Your Time hours that employees reportedly used during that period. Nationwide Responding Statement of Facts ¶ 22. The Nationwide benefits accounting group again calculates the dollar value of the Your Time hours used for the payroll period based on employees' current salary rates. Id. The benefits accounting group then initiates another Automated Clearing House transfer of this total amount of funds needed to pay the benefits for the payroll period from the Trust back to Nationwide's main funding account. Nationwide Responding Statement of Facts ¶ 23; Mostajo Responding Statement of Facts ¶ 17. Finally, that same day, the transferred Your Time benefit funds move directly from the main funding account through a payroll cash account and to the employees. Nationwide Responding Statement of Facts ¶ 24; Mostajo Responding Statement of Facts ¶¶ 17-18. The employees receive a single paycheck for each payroll period which includes both normal pay and any payment of the Your Time benefit, but the two are reflected as separate line items on the paystub. Mostajo Responding Statement of Facts ¶ 20.

///

///

| | |
|---|---|
| 1 | III. OPINION |
| 2 | A. Legal Standard |
| 3 | "The court shall grant summary judgment if the movant shows |
| 4 | that there is no genuine dispute as to any material fact and the |
| 5 | movant is entitled to judgment as a matter of law." Fed. R. |
| 6 | Civ. P. 56(a). Initially, the moving party must provide |
| 7 | evidence demonstrating the absence of any genuine dispute of |
| 8 | material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323- |
| 9 | 24 (1986). The burden then shifts to the opposing party to |
| 10 | establish a genuine dispute. See Matsushita Elec. Indus. Co. v. |
| 11 | Zenith Radio Corp., 475 U.S. 574, 586 (1986). In opposing |
| 12 | summary judgment, the party cannot rely on allegations in its |
| 13 | pleadings but instead must tender evidence in the form of |
| 14 | affidavits and/or other admissible evidence. See Fed. R. Civ. |
| 15 | P. 56(c); Matsushita, 475 U.S. at 586 n.11 (1986). The opposing |
| 16 | party must also demonstrate that a disputed fact is material, |
| 17 | that it makes a difference in the outcome of the case. See |
| 18 | Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). And |
| 19 | the party must show that the dispute is genuine, that a |
| 20 | reasonable trier of fact could return a verdict in its favor. |
| 21 | See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th |
| 22 | Cir. 1987). Neither Plaintiffs or Nationwide contend that there |
| 23 | is a genuine dispute as to any material fact which prevents this |
| 24 | Court from granting summary judgment on the issue that is the |
| 25 | subject of the instant motion/cross motion. |
| 26 | B. Preclusion |
| 27 | First, Nationwide asserts that a consent decree entered in a |
| 28 | case in the United States District Court for the Southern |

District of Ohio conclusively determines that the Plan and Your Time Program are governed by ERISA. Nationwide Opp'n and Cross-Mot. at 8-9, 33; *McGoldrick v. Angela Bradstreet*, No. 2:08-cv-0001-JLG-MRA (S.D. Ohio Sept. 26, 2008). Nationwide contends that because the California Labor Commissioner was a party to the consent decree the Plaintiffs here are also bound, and the determination there goes "beyond *res judicata*" and requires this Court to find that ERISA governs. Id. at 33.

The consent decree in *McGoldrick* has no such preclusive effect. *Res judicata* (claim preclusion) applies when there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties. Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2009), as amended on denial of reh'g and reh'g en banc (Jan. 6, 2010). The Plaintiffs here were not party to the *McGoldrick* case. Collateral estoppel (issue preclusion) applies when "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." Oyeniran v. Holder, 672 F.3d 800, 806-07 (9th Cir. 2012), as amended (May 3, 2012). Again, the Plaintiffs here (against whom issue preclusion is asserted) did not have a "full and fair opportunity" to litigate this issue in the *McGoldrick* case. Additionally, because this is a consent order, the issue of whether the "payroll practices" exemption applies (and even whether ERISA preemption applies) was never "actually litigated." Arizona v. California, 530 U.S. 392, 414 (2000) (consent

judgments "ordinarily occasion no issue preclusion. . ."). Thus, neither issue preclusion nor claim preclusion apply.

Second, Nationwide argues that a decision in the United States District Court for the District of New Hampshire, as well as certain determinations by state-level administrative entities, that the Plan is governed by ERISA should persuade this Court to find the same. Nationwide Opp'n and Cross-Mot. at 9-10, 33-35. While the Court may consider these decisions for persuasive value, the Court is not bound by decisions of sister District Courts, nor state administrative agencies. This Court necessarily adjudicates disputes pursuant to the applicable legal framework and specific facts of the case.

   C.  ERISA Payroll Practices Exemption

ERISA regulates "employee welfare benefit plans," which include "any plan, fund, or program ... maintained for the purpose of providing ... vacation benefits ..." 29 U.S.C. § 1002(1). "[ERISA] does not further define 'plan, fund, or program' or 'vacation benefits,' and does not specify whether every policy to provide vacation benefits falls within its ambit." Massachusetts v. Morash, 490 U.S. 107, 109 (1989). However, Department of Labor regulation 29 C.F.R. § 2510.3-(1)(b) excludes from the reach of ERISA certain "payroll practices" including the "[p]ayment of compensation, out of the employer's general assets, on account of periods of time during which the employee . . . is on vacation . . ." 29 C.F.R. § 2510.3-1(b)(3); Morash, 490 U.S. 107 (finding employer's policy of paying employees for unused vacation time an ERISA-exempt "payroll practice" where benefits were paid from the employer's general

assets).

The payroll practices exemption applies here if the Your Time Program vacation benefits are paid from Nationwide's "general assets."

### 1. Benefits Reviewed Individually

As a preliminary issue, Nationwide argues the Court should examine the Plan as a whole (the Your Time Program together with the short-term and long-term disability benefits) in determining whether ERISA applies. Nationwide Opp'n and Cross-Mot. 1-2. On the contrary, Ninth Circuit case law suggests that the inquiry of whether the payroll practices exemption applies is focused on the particular benefit at issue. See, e.g., Alaska Airlines, Inc., v. Oregon Bureau of Labor, 122 F.3d 812 (9th Cir. 1997) (analyzing whether payroll practice exemption applies to employer's system for payment of sick leave); Bassiri v. Xerox Corp., 463 F.3d 927 (9th Cir. 2006) (analyzing whether payroll practice exemption applies to employer's plan for payment of long-term disability benefits); see also Clay v. AT & T Commc'ns of California, Inc., No. 2:12-CV-2027-JAM-KJN, 2012 WL 5868767, at *5 (E.D. Cal. Nov. 19, 2012), report and recommendation adopted, No. 2:12-CV-2027-JAM-KJN, 2012 WL 6560729 (E.D. Cal. Dec. 14, 2012) (holding that while the defendant's "Umbrella Plan and the Disability Program f[e]ll squarely within ERISA" the "appropriate focus of the [payroll practice exemption] analysis is the particular benefit at issue."). The Court thus focuses its inquiry on the vacation benefits of the Your Time Program.

### 2. Payment of Benefits from General Assets

In Massachusetts v. Morash, 490 U.S. 107 (1989), the Supreme

Court held that an employer's practice of paying employees' vacation benefits from the employer's "general assets" was an exempted payroll practice under 29 C.F.R. § 2510.3-(1)(b)(3) and therefore did not implicate ERISA. The Morash court also observed, however, that "the creation of a separate fund to pay employees vacations benefits" would be subject to ERISA. Morash, 490 U.S. at 114.

The Ninth Circuit clarified that an employer must do more than simply create a separate trust for the benefits payments to be regulated by ERISA; that separate trust must actually be liable for and pay the benefits. Alaska Airlines, Inc., v. Oregon Bureau of Labor, 122 F.3d 812 (9th Cir. 1997). In Alaska Airlines, the airline established a trust for the payment of benefits but made the benefits payments directly to the employees from its general assets and then sought reimbursement from the trust. Id. at 813. The Ninth Circuit found this practice (called "advance and recapture") to be a payroll practice under the "plain words" of 29 C.F.R. § 2510.3-(1)(b) because the payment was made from the airline's general assets. Id. at 814.

It is undisputed that Nationwide pays the Your Time Program vacation benefits from its main funding account via a payroll cash account. Nationwide Responding Statement of Facts ¶ 24; Mostajo Responding Statement of Facts ¶¶ 17-18. Therefore, under the plain words of 29 C.F.R. § 2510.3-(1)(b), the Your Time Program is an ERISA-exempt payroll practice because the vacation benefits are ultimately paid from Nationwide's general assets, rather than a separate trust. See Alaska Airlines, 122 F.3d at 814 (instructing that courts "must focus on the actual methods of

11

payment").

However, in Alaska Airlines the Ninth Circuit also suggested that courts must look at the substance of the payment procedure in determining whether a literal application of the regulation is proper in each case. Id. ("Applying the regulation literally to Alaska Airlines does not defeat the purposes of ERISA, because Alaska's system has more of the characteristics of an unfunded payment than of an ERISA trust fund payment.").

In this case, the substance of Nationwide's vacation benefits payment procedure bears more similarity to an unfunded benefit program with the true source of payments being Nationwide's general assets. Even though Nationwide's vacation benefits payment method is not an "advance and recapture" practice per se, Nationwide's main funding account remains the true proximate source of funding. On a fortnightly basis, Nationwide funds the trust account from its general assets and that same day a portion of those funds return to Nationwide's general assets, from which Nationwide pays the vacation benefits. The Trust has no other source of funding beyond Nationwide, the Nationwide Benefits Administrative Committee determines the payments to be made to the Trust and by the Trust, and the Trust has no independent recourse against Nationwide for failure to pay. Thus, the vacation benefits payments here rely almost entirely on Nationwide's, not the trust's, financial health because Nationwide is essentially funding the account on a fortnightly basis in relation to its anticipated payments.

Under Ninth Circuit precedent, the plain language of 29 C.F.R. § 2510.3-(1)(b) controls this inquiry, and the Court finds

12

the payroll practice exemption applies to the vacation benefits payments from the Your Time Program because the undisputed facts demonstrate Nationwide pays the benefit from its general assets.

### 3. Department of Labor Four-Factor Guidance

Since the Court has found the Your Time Program exempt from ERISA as a payroll practice, it need not reach the parties' arguments regarding whether the Your Time Program is also exempt under the Department of Labor's four-factor guidance. See DOL Advisory Opn. No. 2004-08A (July 2, 2004) 2004 WL 2074325 (Denny's Opinion), at *3 ("Vacation pay programs that fail to satisfy all of the conditions of [exemption under 29 C.F.R. § 2510.3-1], however, are not necessarily covered by Title I of ERISA."); see also Bassiri v. Xerox Corp., 463 F.3d 927, 933 (9th Cir. 2006); Gilbert v. Securitas Sec. Servs. USA, Inc., No. CV 06-1981 CAS MANX, 2007 WL 7648314, at *5 (C.D. Cal. Feb. 26, 2007).

### D. ERISA Preemption

ERISA broadly preempts state laws relating to employee benefit plans. 29 U.S.C. § 1144(a). Plaintiffs bring their claims for Nationwide's alleged failure to pay, upon termination, unused vacation time accrued through the Your Time Program as violations of California law. Nationwide alleges ERISA preempts these state law claims. However, as discussed above, the vacation benefits payments for the Your Time Program constitute a "payroll practice" within the meaning of 29 C.F.R. § 2510.3-1, rather than an employee welfare benefit plan covered by ERISA. Thus, ERISA does not preempt Plaintiffs' state law claims as to the vacation benefits.

13

**IV. ORDER**

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for partial summary judgment (ECF No. 29) and DENIES Defendant's cross-motion for partial summary judgment (ECF No. 39).

IT IS SO ORDERED.

Dated: November 13, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE