|  | |
|---|---|
| ANTHONY MARC MOSTAJO, and ELAINE QUEDENS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, and Does 1 through 50, inclusive,<br><br>Defendants. | No. 2:17-cv-00350-JAM-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION AND CERTIFYING NOVEMBER 14, 2018 ORDER FOR INTERLOCUTORY APPEAL** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Anthony Marc Mostajo and Elaine Quedens ("Plaintiffs") bring class claims against Nationwide Mutual Insurance Company ("Defendant" or "Nationwide"), their former employer, for Nationwide's alleged failure to pay overtime and unused but accrued vacation time to claims adjusters in California. Second Am. Compl., ECF No. 23. The parties filed cross-motions for partial summary judgment on a single question to determine the validity of Nationwide's twenty-first affirmative defense: whether Nationwide's "Your Time Program," through which Nationwide provides a paid a time-off benefit to its employees, is regulated by ERISA. ECF No. 29; ECF No. 39.

1

In an Order entered November 14, 2018, this Court denied Nationwide's motion and granted Plaintiffs' motion, holding that the Your Time Program is an ERISA-exempt "payroll practice." Order, ECF No. 48. Nationwide now moves this Court to reconsider and vacate the Order, or, in the alternative, certify the Order for interlocutory appeal. Mot., ECF No. 49-1. Plaintiffs oppose the motion. Opp'n, ECF No. 51.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion and CERTIFIES the Order for interlocutory appeal.[1]

I. OPINION

A. Motion for Reconsideration

1. Standard of Review

This Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order. . ." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks, citation, and emphasis omitted); see also Fed. R. Civ. P. 54(b) (authorizing a district court to revise a non-final order "at any time before entry of a judgment adjudicating all the claims.").

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 19, 2019. Additionally, Plaintiffs request this Court take judicial notice of FASB Accounting Standards Codification 710-10-25. ECF No. 51-1. While judicial notice is not necessary to resolve this motion, Plaintiffs' request is granted because it is unopposed and FASB standards are proper subjects for judicial notice. See Zulfer v. Playboy Enterprises, Inc., Case No. 2:12-cv-08263-BRO-SH, 2013 WL 12132075, at *2 (C.D. Cal. Apr. 24, 2013) (collecting cases).

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted). Eastern District of California Local Rule 230(j) also requires a motion for reconsideration to identify, among other things, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230(j).

Nationwide does not present any new or different facts, circumstances, or evidence in its Motion for Reconsideration. Nor does Nationwide argue an intervening change in controlling law. Instead, Nationwide argues this Court committed clear error, both in its evaluation of the facts and application—or disregard—of governing law. Clear error exists when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

2. Factual Errors

Resolution on summary judgment is inappropriate "where the district court has made a factual determination" or "where evidence is genuinely disputed on a particular issue." Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations and quotations omitted). Nationwide insists this Court committed clear error in making factual findings that were contrary to the undisputed facts, treating disputed facts as

3

undisputed, and by drawing inferences favoring Plaintiffs when competing inferences were equally likely.

Nationwide argues this Court's conclusion that the "undisputed facts demonstrate Nationwide pays the [Your Time Program vacation] benefit from its general assets" (Order at 13) was a factual determination inappropriately made in the face of conflicting evidence. Mot. at 1. The benefit funds, which originate from the Main Funding Account, are, for a time, deposited in and held in the Trust before moving back into the Main Funding Account and then to the employees. Accordingly, Nationwide contends that an inference or factual conclusion is equally likely that the vacation benefits are actually paid from the Trust. Mot. at 5. But that conclusion would contradict the undisputed fact that the vacation benefits funds do not move directly from the Trust to the employees, but rather from the Main Funding Account to the employees. ECF No. 39-5, ¶¶ 23-24; ECF No. 45-4, ¶¶ 17-18. This Court cannot disregard that undisputed fact, and no divergent inference is possible: Nationwide pays the vacation benefits from its general assets.

Nor is this Court convinced that it committed clear error in concluding, on summary judgment, "the substance of Nationwide's vacation benefits payment procedure bears more similarity to an unfunded benefit program with the true source of payments being Nationwide's general assets." Order at 12. The Ninth Circuit made a similar finding in Alaska Airlines, affirming a grant of summary judgment on the grounds the airline's payment of benefits was an ERISA-exempt "payroll practice." Alaska Airlines, Inc., v. Oregon Bureau of Labor, 122 F.3d 812, 814 (9th Cir. 1997).

This Court is not persuaded it committed clear error in its evaluation of the facts.

### 3. Legal Errors

Nationwide further argues this Court committed clear error by improperly applying and ignoring controlling legal precedent.

First, Nationwide contends the Department of Labor's four-factor test is controlling in this case, and this Court's failure to apply the test is clear error. Mot. at 7 (citing DOL Advisory Opn. No. 2004-10A, 2004 WL 3244869 (Dec. 30, 2004) ("May Company Opinion")). But that test is used to determine whether a program in which benefits *are* paid directly from a trust qualifies as an "employee welfare benefit plan" subject to ERISA. See DOL Advisory Opn. No. 2004-08A 2004 WL 2074325 (July 2, 2004) ("Denny's Opinion"). Here, conversely, the benefits are paid from Nationwide's general assets. Moreover, the test interprets the ERISA statute itself, not the regulation upon which this Court's ruling rests. Order at 12-13; see also Villegas v. The Pep Boys Manny Moe & Jack of Cal., 551 F. Supp. 2d 982, 990 (C.D. Cal. 2008) (analyzing, and discussing judicial deference due to, May Company Opinion and Denny's Opinion). And with respect to Nationwide's argument as to the binding nature of the DOL advisory opinions, this Court notes that whether Auer v. Robbins, 519 U.S. 452 (1997) should be overturned is a question currently pending before for the Supreme Court. Kisor v. Wilkie, No. 18-15 (argument scheduled for March 27, 2019). This Court's Order is therefore consistent with the controlling legal authority of 29 C.F.R. § 2510.3-1(b); Massachusetts v. Morash, 490 U.S. 107, 109 (1989); and Alaska Airlines.

5

Second, Nationwide argues this Court committed clear error in focusing its inquiry on the vacation benefits of the Your Time Program alone, rather than on the Plan as a whole (the Your Time Program together with the short-term and long-term disability benefits). Mot. at 10-12. But when determining whether a *specific benefit* is an ERISA-exempt payroll practice under Department of Labor regulation 29 C.F.R. § 2510.3-1(b), which focuses on narrow practices, the proper inquiry is on the individual benefit at issue. Order at 10. Neither Shaw v. Delta Air Lines, 463 U.S. 85 (1983) nor Peterson v. Am. Life & Health Ins. Co., 48 F.3d 404 (9th Cir. 1995) discussed or analyzed the payroll practices exemption.

Third, Nationwide contends this Court committed clear error in finding the Consent Decree in McGoldrick v. Angela Bradstreet, No. 2:08-cv-0001-JLG-MRA (S.D. Ohio Sept. 26, 2008) did not trigger claim preclusion and thereby bar Plaintiffs' pursuit of certain PAGA claims. Mot. at 12-13. In 2008, the Labor Commissioner of the State of California entered into a Consent Decree with Nationwide's Benefits Administrative Committee agreeing that the Your Time Plan is governed by ERISA and so "California's vacation benefit laws are preempted as they relate to the Your Time Plan." ECF No. 39-8 at 6-7. "An employee plaintiff suing . . . under [PAGA], does so as the proxy or agent of the state's labor law enforcement agencies." Arias v. Superior Court, 46 Cal. 4th 969, 986 (Cal. 2009). Because the Labor and Workforce Development Agency is bound by the Consent Decree—a final judgment—and could not bring California-law based claims with respect to the vacation

6

benefits, Plaintiffs likewise cannot do so acting as the Agency's proxy or agent under PAGA.

This Court therefore amends its previous opinion and finds that Plaintiffs' PAGA claims for violations of California law specific to vacation benefits are precluded as *res judicata* and are hereby DISMISSED.

### B. Certification for Interlocutory Appeal

To certify its November 14, 2018 Order for interlocutory appeal, this Court must find the Order: "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . ." 28 U.S.C. § 1292(b); In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981).

This Court concludes the issue of whether the Your Time Program is an ERISA-exempt payroll practice could materially affect the outcome of the litigation because if the Ninth Circuit finds ERISA governs, Plaintiffs' California-law claims related to vacation benefits are preempted and would be dismissed. See Nutrishare, Inc. v. Connecticut Gen. Life Ins. Co., No. 2:13-CV-02378-JAM-AC, 2014 WL 2624981, at *3 (E.D. Cal. June 12, 2014). Moreover, such a finding would materially advance the ultimate resolution of the litigation, as it could eliminate those claims and obviate any need for this Court to address them. See Id.

This Court further finds there is substantial ground for a difference of opinion on several issues relating to the question of ERISA-preemption for the vacation benefits claim. For example, there is substantial ground for a difference of opinion

as to whether the holdings of Shaw and Peterson apply to reviews of benefits plans under the payroll practice exemption. Shaw, 463 U.S. at 107 (holding ERISA's coverage may only "exclude[] 'plans,' not portions of plans"); Peterson, 48 F.3d at 407 (finding program "taken as a whole, constitutes an ERISA plan."); Mot. at fn. 8 (citing cases). Moreover, the applicability of the Department of Labor four-factor test to cases in which an employee-benefits trust operates as it does here, and the level of deference due to DOL advisory opinions, are additional issues as to which opinions could differ. See Denny's Opinion; May Company Opinion; Bassiri v. Xerox Corp., 463 F.3d 927, 931 (9th Cir. 2006); Kisor, No. 18-15 (argued Mar. 27, 2019); Villegas, 551 F. Supp. 2d at 990.

Accordingly, this Court CERTIFIES its November 14, 2018 Order (ECF No. 48), as modified by this Order, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. SANCTIONS

This Court issued its Order re Filing Requirements ("Filing Order") on February 17, 2017. ECF No. 2-2. The Filing Order limits memoranda in support of and in opposition to motions for reconsideration to fifteen pages. The Filing Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50 per page. Plaintiffs' opposition memorandum exceeds the page limit by eight pages. See Opp'n. This Court therefore ORDERS Plaintiffs' counsel to pay $400 to the Clerk of the Court within five days of the date of this Order.

III. ORDER

For the reasons set forth above, this Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Reconsideration (ECF No. 49) and CERTIFIES its November 14, 2018 Order (ECF No. 48) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

IT IS SO ORDERED.

Dated: March 21, 2019

*/s/ John A. Mendez*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE