UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARC MOSTAJO and ELAINE QUEDENS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | No.  2:17-cv-0350 JAM AC<br><br><br><br>ORDER |

This matter is before the court on plaintiffs' motion for a protective order. ECF No. 106. The parties filed a timely joint statement. ECF No. 108. This discovery motion is referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The matter was taken under submission. ECF No. 107. For the reasons set forth below, the motion is GRANTED

**I.     Relevant Background**

Plaintiffs Anthony Marc Mostajo and Elane Quedens are the named plaintiffs in this class action lawsuit. ECF Nos. 77 (operative third amended complaint) and 96 (order certifying class). Plaintiffs worked for defendant Nationwide Mutual Insurance Company as commercial lines claims adjusters; they bring this class action alleging that Nationwide violated Labor Code § 1194 and applicable Industrial Welfare Commission Orders by failing to pay them and the unnamed

class members overtime pay. ECF No. 77 at 1-2. Plaintiffs also allege Nationwide failed to pay the class wages for all time worked, including accrued vacation time, breached their promise to pay the class for all hours worked, failed to pay the class all accrued and vested vacation time in violation of California Labor Code § 227.3, and failed to provide accurate wage statements to the class as required by California Labor Code § 226 insofar as the wage statements did not include all hours worked, wages earned, or accrued and vested vacation time. Id. at 2.

## II. Motion for Protective Order

The issue presented in this discovery dispute is narrow. While the named plaintiffs have responded to interrogatories and requests for production propounded by Nationwide, Nationwide argues that the 118 unnamed class members associated with this case are also each required to respond to its discovery requests and potentially sit for depositions. The named plaintiffs disagree, and having been unable to reach an agreement with Nationwide, now seek a protective order with respect to all discovery directed to the 118 unnamed individual class members. ECF No. 108 at 3.

A. Standard on Motion for Protective Order

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors

1   Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002).  The party seeking to limit discovery has the
2   burden of proving "good cause," which requires a showing "that specific prejudice or harm will
3   result" if the protective order is not granted.  In re Roman Catholic Archbishop of Portland, 661
4   F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,
5   1130 (9th Cir. 2003)).  As discussed above, the scope of discovery in federal cases is governed by
6   Federal Rule of Civil Procedure 26.

7       B.  Unnamed Class Members in This Case Need Not Participate in Discovery

8       It is the general rule that absent class members are "not required to do anything.  [They]
9   may sit back and allow the litigation to run its course, content in knowing that there are
10  safeguards provided for [their] protection."  Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810
11  (1985).  "[T]reating absent class members as 'parties' for purposes of discovery would undermine
12  one of the fundamental purposes of the rule allowing certification of the class . . . One of the
13  principal advantages of class actions over massive joinder or consolidation would be lost if class
14  members were routinely subjected to discovery."  On the House Syndication, Inc. v. Fed. Exp.
15  Corp., 203 F.R.D. 452, 456 (S.D. Cal. 2001) (internal quotation omitted).  Unnamed class
16  members are not considered parties, and courts rarely require them to participate in discovery.
17  See In re Worlds of Wonder Sec. Litig., No. C-87-5491 SC (FSL), 1992 WL 330411, at *2 (N.D.
18  Cal. July 9, 1992) ("Absent class members are not parties and separate discovery of individual
19  class members not representatives is normally not permitted.").

20      Still, though rarely, discovery issued to unnamed plaintiffs has been allowed by federal
21  courts under limited circumstances.  Where it has been allowed, courts looked to whether "(1) the
22  discovery is not designed to take undue advantage of class members or to reduce the size of the
23  class; (2) the discovery is necessary; (3) responding to the discovery requests would not require
24  the assistance of counsel or other technical advice; and (4) the discovery seeks information that is
25  not already known by the proponent," or if the case is one "where a strong showing is made that
26  the information sought (1) is not sought with the purpose or effect of harassment or altering
27  membership of the class; (2) is directly relevant to common questions and unavailable from the
28  representative parties; and (3) is necessary at trial of issues common to the class."  On the House

3

Syndication, Inc., 203 F.R.D. at 456 (internal citations omitted).  Nationwide's brief argument does not satisfactorily address any of these points, except perhaps for its general assertion that the discovery is necessary.

Instead, Nationwide first argues that the undersigned should rule against the weight of precedent because plaintiffs submitted the expert report of Dr. Jon Krosnick, who opined that "a survey can be conducted for application in this case and can yield reliable data if carried out properly."  ECF No. 108 at 10.  Dr. Krosnick subsequently testified that he intended to collect data from unnamed class members, potentially conducting interviews lasting up to an hour each. Id.  Nationwide argues that because Dr. Krosnick intends to involve unnamed class members in a type of discovery, those class members cannot be protected from the requirement to fully participate in discovery.  The argument is made on the simple premise that "[w]hat's fair is fair."

While there is some playground-rules appeal to the "what's fair is fair" argument, without any citation to or support from case law it simply cannot succeed.  The development of data regarding class members by plaintiff's expert does not itself constitute "discovery," so defendant's argument rests on a false equivalence.  Although plaintiffs' intention for their expert to individually contact unnamed class members undermines any argument that those members are too numerous or scattered to participate in discovery, this plan does nothing to undermine the concept that unnamed class members are not true parties who should not be burdened with participation in extensive discovery.  The difference between being *asked* by plaintiff's expert to participate in an hour-long interview and being *required* by Nationwide to answer a full set of interrogatories, a full set of requests for production, and potentially sit for a deposition is both obvious and significant.  Without any citation to case law that would require the court to rule differently, Nationwide's logic does not persuade.

Nationwide also argues that plaintiffs' motion for a protective order is an attempt to deny Nationwide its due process right to litigate its affirmative defenses, but this argument is underdeveloped.  ECF No. 108 at 10.  Nationwide states that it has asserted multiple affirmative defenses that require discovery, including that the named and unnamed plaintiffs satisfy the test for the administrative exemption from overtime and that Nationwide had no knowledge of

overtime hours that class members failed to report into the official timekeeping system. Id. Nationwide refers the court to its First and Fifth defenses to the Third Amended Complaint. Id. Nationwide relies on Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 367 (2011) to support the premise that a defendant in a class action may raise its affirmative defenses and demonstrate that an individual class member is not entitled to relief. Id. But Dukes is not particularly helpful; it had nothing to do with discovery but was instead a review of class certification, an issue not presented here.

Nationwide cites to the California Supreme Court's decision in Duran v. U.S. Bank Nat'l Assn., 59 Cal. 4th 1, 35 (2014), an opinion that is neither controlling nor persuasive in the present context. In Duran, the California court reviewing a class action held that a lower court erred in not admitting evidence going to an affirmative defense. Id. While the opinion indicates that a court may not ignore or disallow evidence going to affirmative defenses, it does not abrogate the general rule that unnamed class members are not subject to unfettered discovery in the name of litigating an affirmative defense. Particularly here, where Nationwide simply mentioned the affirmative defenses it believes require the unnamed class members to fully participate in discovery without elaborating on *why* full participation is the only way to support these affirmative defenses, the court is not persuaded.

In sum, Nationwide's argument does not persuade the court to rule against the weight of authority. The requested protective order is GRANTED.

### III.   Conclusion

The plaintiff's motion for a protective order (ECF No. 106) is GRANTED.

IT IS SO ORDERED.

DATED: September 22, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE